UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

CHERAKEI GRIFFIN,
*by next of kin, next of friend I. Griffin*,

        Petitioner,

  v.                              Case No. 21-cv-686-pp

WEST ALLIS POLICE DEPARTMENT,
and WEST MEMORIAL HOSPITAL,

        Respondents.

**ORDER DISMISSING PETITION FOR WRIT OF *HABEAS CORPUS* UNDER 28 U.S.C. §2241 (DKT. NO. 1), DISMISSING CASE WITH PREJUDICE AND DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY**

      This is one of two *habeas* petitions that "I. Griffin" filed in this district on behalf of Cherakei Griffin in June of 2021. On June 3, 2021, the petitioner filed this petition for writ of *habeas corpus* under 28 U.S.C. §2241. Dkt. No. 1. The petitioner paid the $5.00 filing fee. This order screens the petition, dismisses it and dismisses the case with prejudice.

**I.    Background**

      The petition lists "United States ex rel Cherakei Griffin by next of kin, next of friend I. Griffin" as the petitioner. Dkt. No. 1 at 1. The petition states that I. Griffin ("Griffin") is the biological mother of Cherakei Griffin. Id. Griffin states that the respondents "are responsible for the restraints imposed onto the petitioner and the actual confining officials acting under the color of authority are unlawfully restraining the petitioner and his liberty." Id. at 2. Griffin says that the respondents "ignored the HIPPA rights, Americans With Disabilities

1

Act as well as myriads of federally mandated law." Id. Griffin asserts three grounds for relief: (1) "fraud and complete absence of jurisdiction in violation of the petitioner [sic] constitutional rights," (2) "the petitioner is factually and actually innocent" and (3) the respondents lack personal and subject matter jurisdiction over the petitioner. Dkt. No. 1 at 9-10.

## II. Rule 4 Screening

### A. Standard

Under Rule 1(b) of the Rules Governing Section 2254 Cases and Civil Local Rule 9(a)(2) of the Local Rules for the Eastern District of Wisconsin, the court applies the Rules Governing Section 2254 Cases to a petition for a writ of *habeas corpus* under 28 U.S.C. §2241. Chagala v. Beth, No. 15-CV-531, 2015 WL 2345613, at *1 (E.D. Wis. May 15, 2015). Those rules require the court to review, or "screen" the petition. Rule 4 of the Rules Governing Section 2254 Cases provides:

> If it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion or other response within a fixed time, or to take other action the judge may order.

"The appropriate vehicle for a state pre-trial detainee to challenge his detention is §2241." Jackson v. Clements, 796 F.3d 841, 843 (7th Cir. 2015). While §2241 allows a pretrial detainee to petition for *habeas* relief, the Younger abstention doctrine limits the ability of a federal court to interfere with pending state criminal prosecutions absent special circumstances. See, *e.g.*, Olsson v. O'Malley, 352 F. App'x 92, 94 (7th Cir. 2009) (citing Younger v. Harris, 401 U.S. 37, 43-45 (1971)).

2

Case 2:21-cv-00686-PP   Filed 10/24/22   Page 2 of 13   Document 7

A court must allow a *habeas* petition to proceed unless it is clear that the petitioner is not entitled to relief in the district court. At the screening stage, the court expresses no view as to the merits of the petitioner's claims. The court considers only whether the petitioner has stated cognizable grounds for federal habeas relief and whether the petitioner has exhausted state court remedies.

B.   Facts

The petition names as respondents West Allis Police Department and West Memorial Hospital. Dkt. No. 1 at 1. Under the heading "Respondent West Allis Police Department, Griffin indicates that "[r]espondents repeatedly ignored that the petitioner was being held against her will and against the will of her legally binding and agreed upon Power of Attorney." Dkt. No. 1 at 3. Regarding "Respondent West Allis Police Department," Griffin states that

> There is no law requiring a POA to be notarized. There was an agreed upon me[e]ting of the minds, and acceptance of the terms and conditions of the POA document. The respondents are infringing on the Petitioner right to legally enter into and agree to a written contractual document. Even after shown a POA agreement and requesting for intervention to cease the unlawful actions against her, the Respondents repeatedly stated after several calls and showups that the petitioner was an adult and (those that were holding her against her will) wanted her to be there, shortly after such claims, the Petitioner was falsely accused of attacking one of the persons who were holding her agaist [sic] her will and will of her POA. The respondent falsely arrested the Petitioner, without reading her her rights or informing her as to the circumstances of her arrest. Upon her POA arrival and questions and declaration of nonconsent to involuntary medicine, the Respondents refuse to honor and respect and accord the POA rights due and owing and refuse to include the POA in any decision making whatsoever. The respondents are continuing to involuntarily hold the petitioner against her will and wishes as well as against the will and wishes of her legally binding POA.
>
> The petitioner is forced to take medication, draw blood and is being subjected to nonconsentual [sic] experiments and as such these acts

3

and actions are having dangerous effects and repercussion on the
sound mind, body and health of the petitioner who has no history of
mental illness, violent behavior, aggression or negative traits. In fact
she has been repeatedly honored and admired in her community.

Id. at 3-4.

As to "Respondent West Allis Memorial," Griffin claims that

[t]he Respondents have been asked to cease from involuntary
treatment and refuse to do so, based on the request of the prior
respondents. The respondents are engaging in forced medication,
withdrawal of blood, experimentation and other egregious acts
against the petitioner. As such the petitioner is in imminent danger.

The petitioner was arrested without an arrest warrant on a
geographical land mass in which is not under the territorial
ownership of the respondents' in this action. There The respondents
did so knowing the petitioner was being held against her will and
repeatedly requested to be allowed to leave, yet the respondent West
Allis police left the petitioner with the aggressors, whom she had a
right to break free from by any means necessary.

Id. at 4-5.

According to Griffin, the respondents have "falsely imprisoned" the petitioner and she "has been subjected to extreme physical assault while in the custody and control of the respondents." Id. at 7.

In her claim of "fraud" and "absence of jurisdiction," Griffin argues that

[r]espondents' are acting on wrongful information, a complete lack
of jurisdiction over the petitioner and are using an unlawfully and
constitutionally detain, arrested and continue to unlawfully detain
the petitioner. The respondents' where not within their legal
jurisdiction and venue and had not read the petitioner her Miranda
rights nor informed the petitioner the nature of her arrest.

Id. at 9.

Regarding her claim that the petitioner is "factually and actually innocent," Griffin contends that the petitioner "has not committed any crimes, nor has any crime been committed by the Petitioner within the territorial jurisdiction of the respondents." Id.

4

In her third ground, Griffin argues that "Respondent West Allis police department has no conferred power within the United States Constitution and are acting ultra vires." Id. at 10. She indicates that the petitioner "was neither in nor near the vicinity of West Allis voluntarily but as a victim of a reported kidnaping [sic], that the respondents failed to document and gave a cursory review to." Id. Griffin states that the petitioner "is being falsely imprisoned and his person and liberty is being unlawfully restrained by the respondents contrary to the laws of the United States, its treaty and its Constitution." Id.

Griffin asks the court to

1. Release the petitioner from the unconstitutional custody of the said respondents'.

2. Release the petitioners' from the unconstitutional custody of the respondents

3. Enjoin respondents from further violating the Petitioners' Constitutional rights including the right to have her POA honored, respected and informed.

4. Protect and Enforce the Declaratory and Constitutional rights of the petitioners'.

5. Declare the constitutional right of the petitioner to be free from slavery and/or involuntary servitude.

7.[sic] Grant any and all necessary injunctive relief in favor of the petitioners' against the respondents'

8. Enact any and all protective measures on behalf of the petitioners' against cruel and unusual punishment against them and their person including physical assault and torture.

9. Any other relief as this Court deem just and appropriate including but not limited to a John Doe investigation into the unlawful acts perpetrated against the petitioners by respondents.

Id. at 10-11.

Griffin clarifies that she is "not an attorney." Id. at 11.

C.  Analysis

    1.  *I. Griffin's Standing to File the Petition*

        a.  "Next Friend"

Under 28 U.S.C. §1654, "[i]n all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein." Under Federal Rule of Civil Procedure 17(c)(1), a minor can sue through a general guardian, a committee, a conservator or a like fiduciary. Fed. R. Civ. P. 17(c)(1)(A)-(D). Minors without such representatives "may sue by a next friend or by a guardian ad litem." Id. at (c)(2).

In *habeas* litigation, "next friend" standing "has long been an accepted basis for jurisdiction in certain circumstances." Whitmore v. Arkansas, 495 U.S. 149, 162 (1990). "Next friend" standing "is by no means granted automatically to whomever seeks to pursue an action on behalf of another." Id. at 163. For "next friend" standing to apply, "[t]he burden is on 'the next friend' clearly to establish the propriety of [her] status and thereby justify the jurisdiction of the court." Id. at 164 (citing Smith by & through Missouri Pub. Def. Comm'n v. Armontrout, 812 F.2d 1050, 1053 (8th Cir. 1987)). That burden requires a putative "next friend" to show (1) "an adequate explanation—such as inaccessibility, mental incompetence, or other disability—why the real party in interest cannot appear on his own behalf to prosecute the action," id. at 163 (citing Wilson v. Lane, 870 F.2d 1250, 1253 (7th Cir. 1989)); and (2) that the "next friend" is "truly dedicated to the best interests of the person on whose behalf [she] seeks to litigate." Id. (citing Morris v. United States, 399 F. Supp. 720, 722 (E.D. Va. 1975)); see also Bria Health Serv's, LLC v. Eagleson, 950 F.3d 378, 384 (7th Cir. 2020). "[I]t has been further suggested that a 'next

6

friend' must have some significant relationship with the real party in interest." Id. at 163-64 (citing Davis v. Austin, 492 F. Supp. 273, 275-76 (N.D. Ga. 1980)). "These limitations on the 'next friend' doctrine are driven by the recognition that '[i]t was not intended that the writ of habeas corpus should be availed of, as a matter of course, by intruders or uninvited meddlers, styling themselves as next friends.'" Id. at 164 (quoting United States *ex rel.* Bryant v. Houston, 273 F. 915, 916 (2d Cir. 1921)).

One cannot file a *habeas* petition on behalf of a detainee if that detainee could file the petition; a "next-friend applicant, among other things, must therefore explain why the detainee did not sign and verify the petition." Lane, 870 F.3d at 1253 (citing Weber v. Garza, 570 F.2d 511, 513 (5th Cir. 1978)). Without such an explanation, "the court is without jurisdiction to consider the petition." Id. (citing Weber, 570 F.2d at 513).

I. Griffin has alleged that she is Cherakei Griffin's mother. Accepting that allegation as true, Griffin has established that she has a significant relationship with Cherakei Griffin. The court can infer from the facts in the petition that the reason Cherakei Griffin could not file the petition on her own behalf is because she was in some form of custody. Construing the allegations in the petition in the light most favorable to the petitioner, the court will assume that I. Griffin is qualified to act as Cherakei Griffin's next friend.

                b.     *Pro Se* Status

While a parent may sue on behalf of a child as a guardian under Rule 17(c), a parent who is not an attorney cannot do so without counsel. Amaya v. Pitner, 130 F. App'x. 25, 27 (7th Cir. 2005) (citing Navin v. Park Ridge Sch. Dist., 270 F.3d 1147, 1149 (7th Cir. 2001)). "Normally, representative parties such as next friends may not conduct litigation pro se; pleadings may be

7

brought before the court only by parties or their attorney." Elustra v. Mineo, 595 F.3d 699, 704 (7th Cir. 2010) (citing 28 U.S.C. §1654; Fed. R. Civ. P. 11(a); Lewis v. Lenc-Smith Mfg. Co., 784 F.2d 829, 830-31 (7th Cir. 1986)).

I. Griffin filed this petition *pro se*—without counsel. She clarifies that she is not an attorney. She must have an attorney to prosecute a *habeas* petition on behalf of her child.

### 2. *Abstention Doctrine*

Even if a lawyer had filed the petition on I. Griffin's (and Cherakei Griffin's) behalf, it appears from the limited facts that the court would be required to dismiss the petition. Griffin argues that Cherakei Griffin "is in custody of the respondents' in violation of the United States Constitution and the federal laws of the United States." Dkt. No. 1 at 2. This raises two possibilities, neither of which are clear from the petitioner. First, Griffin says that respondent West Allis Police Department "falsely arrested the Petitioner, without reading her her rights or informing her as to the circumstances of her arrest," dkt. no. 1 at 3-4; she also asserts that the petitioner "was arrested without a warrant," dkt. no. 1 at 5. This raises the possibility that Cherakei Griffin is being detained in the criminal justice system. If Cherakei Griffin is in custody on criminal charges, she may challenge what happened—and may seek release through bond or acquittal—in state court.[1]

The doctrine of Younger abstention limits this federal court's ability to interfere with ongoing state-court criminal proceedings absent special

---

[1] Ms. Griffin filed the petition on June 3, 2021. While the court deeply regrets that its heavy case load prevented it from screening the petition sooner, it notes that Ms. Griffin has not contacted the court or filed anything further since the date on which she filed the petition. Cherakei Griffin might not currently be in custody. In that case, this §2241 petition would be moot.

8

circumstances. See, *e.g.*, O'Malley, 352 F. App'x at 94 (citing Younger, 401 U.S. at 43-45). Exceptional circumstances exist where irreparable damage would occur, such as claims of prosecutorial harassment and prosecutions brought in bad faith. Younger, 401 U.S. at 49. Generally, relief is available only after the petitioner has exhausted state-court remedies. Olsson v. Curran, 328 F. App'x. 334, 335 (7th Cir. 2009). Exceptional circumstances do not exist when the threatened injury "is solely 'that incidental to every criminal proceeding brought lawfully and in good faith.'" Younger, 401 U.S. at 49 (citing Douglas v. City of Jeannette, 319 U.S. 157, 164 (1943)). Griffin did not include a state-court case number, so the court cannot determine whether Cherakei Griffin currently is subject to ongoing state-court criminal proceedings. If she is, she has what the United States Supreme Court has characterized as "an acute, live controversy with the State and its prosecutor." Younger, 401 U.S. at 41.

> "Ex parte Young, 209 U.S. 123, . . . and following cases have established the doctrine that, when absolutely necessary for protection of constitutional rights, courts of the United States have power to enjoin state officers from instituting criminal actions. But this may not be done, except under extraordinary circumstances, where the danger of irreparable loss is both great and immediate. Ordinarily, there should be no interference with such officers; primarily, they are charged with the duty of prosecuting offenders against the laws of the state, and must decide when and how this is to be done. The accused should first set up and rely u[p]on his defense in the state courts . . . ."

Id. at 45 (quoting Fenner v. Boykin, 271 U.S. 240, 243-44 (1926)).

This federal court could not interfere with those ongoing state criminal proceedings.

Griffin has not cited extraordinary circumstances. She asserts that "[t]he petitioner has no adequate or available remedies available." Dkt. No. 1 at 7. She does not explain why Cherakei Griffin cannot file a motion to challenge her arrest, challenge the sufficiency of evidence through a jury trial or seek release

9

from custody from a state-court judge. The *habeas* petition also is premature if Cherakei Griffin is subject to ongoing state-court criminal proceedings. "A federal court will not hear a state prisoner's habeas claim unless the prisoner has first exhausted his state remedies by presenting the claim to the state courts for one full round of review." Crutchfield v. Dennison, 910 F.3d 968, 972 (7th Cir. 2018) (citing Davila v. Davis, ___ U.S. ___, 137 S. Ct. 2058, 2064 (2017)). Griffin has not explained whether Cherakei Griffin is subject to ongoing state-court criminal proceedings, whether she has had her constitutional claims determined by the trial court, whether she has presented her claims to the court of appeals or sought review of the court of appeals' decision in the Wisconsin Supreme Court. Without that information, the court cannot determine whether she has exhausted her state-court remedies. Griffin contends that "[t]he allegation of fraud supersedes procedural rules and overrides any allege exhaustion requirements." Dkt. No. 1 at 7. Griffin does not provide, and this court is not aware of, any authority supporting that contention.

Griffin seeks relief for Cherakei Griffin under 28 U.S.C. §2241. Dkt. No. 1. While §2241 is the appropriate statute for a pretrial detainee to use to challenge the *fact* of her confinement, see Jackson v. Clements, 796 F.3d 841, 843 (7th Cir. 2015), it is not the appropriate statute for her to use to challenge the *conditions* of her confinement (Griffin alleges that Cherakei Griffin's confinement constitutes cruel and unusual punishment, dkt. no. 1 at 2). See Debruzzi v. Williams, Nos. 3:20-cv-00596-SMY, 3:20-cv-00783-SMY, 2020 WL 5110714, at *2 (S.D. Ill. Aug. 31, 2020) (citing Preiser v. Rodriguez, 411 U.S. 475, 490 (1973); Waletzki v. Keohane, 13 F.3d 1079, 1080 (7th Cir. 1994); Glaus v. Anderson, 408 F.3d 382, 386-87 (7th Cir. 2005)). An incarcerated

10

person who wishes to challenge the conditions of confinement must file a lawsuit under 42 U.S.C. §1983. Id. (citing Pischke v. Litscher, 178 F.3d 497, 500 (7th Cir. 1999)).

The second possibility is that Cherakei Griffin is not incarcerated, but is being held in a psychiatric institution for medical treatment. A §2241 petition is not the appropriate vehicle for seeking release from a non-carceral medical treatment facility; the statute applies to "prisoners." 28 U.S.C. §2241(c). The procedure for involuntary commitment for treatment in Wisconsin is prescribed in Wis. Stat. §51.20. Cherakei Griffin may challenge any involuntary civil commitment by following the procedures in that statute. If she has exhausted those procedures, she may be able to seek federal *habeas* relief, but the petition contains no indication that she has done so (and does not even explain whether she is being held on an involuntary civil commitment).

   3.  *Failure to State a Claim*

Griffin has provided little detail about what happened to Cherakei Griffin. She does not explain the date on which these events allegedly occurred. She says that the respondents committed fraud, but does not identify any action she believes was fraudulent. She says that Cherakei Griffin is actually innocent, but does not explain what Cherakei Griffin stands accused of. She has not provided the court with the "who, what, when, where, how and why" facts of what happened to Cherakei Griffin, which means the court cannot determine whether Cherakei Griffin is a "prisoner" eligible to seek relief under §2241 or whether, if she is a "prisoner," she is in custody in violation of the federal Constitution or federal law.

Griffin asserts that West Allis Memorial has violated HIPPA—the Health Insurance Portability and Accountability Act of 1996. But a private citizen

11

cannot sue for violations of HIPPA because that statute "does not furnish a private right of action." Carpenter v. Phillips, 419 F. App'x 658, 659 (7th Cir. 2011). She asserts that both respondents acted against the will of the petitioner's Power of Attorney (I. Griffin). Contravening the will of someone's power of attorney does not, standing alone, violate federal law or the federal Constitution.

Griffin alleges that the respondents involuntarily medicated the petitioner and drew blood. Incarcerated individuals have a Fourteenth Amendment liberty interest in avoiding unwanted administration of antipsychotic drugs. See Perry v. Sims, 990 F.3d 505, 511 (7th Cir. 2021). But Griffin does not explain whether Cherakei Griffin is incarcerated, what kind of drugs she was forced to take, whether a physician ordered the medication and under what circumstances and whether anyone reviewed the physician's decision to medicate.

Griffin asserts that West Allis Memorial violated the Americans with Disabilities Act, which "prohibits employers from discriminating against disabled employees because of their disability." Dickerson v. Bd. of Trs. of Cmty. Coll. Dist. No. 522, 657 F.3d 595, 600 (7th Cir. 2011) (citing 42 U.S.C. §12112(a)). Griffin has not alleged that Cherakei Griffin was employed by either of the respondents. She has not alleged that Cherakei Griffin has a disability.

Even if an attorney had filed the petition for Cherakei Griffin, even if Cherakei Griffin was a pretrial detainee (or presented some other proper basis for relief under §2241), and even if the petitioner is not asking this federal court to interfere in a state criminal proceeding by seeking the release of a person incarcerated in state custody, the petition does not allege sufficient facts to allow her to proceed.

### III. Certificate of Appealability

Under Rule 11(a) of the Rules Governing Section 2254 Cases, the court must consider whether to issue a certificate of appealability. A court may issue a certificate of appealability only if the applicant makes a substantial showing of the denial of a constitutional right. See 28 U.S.C. §2253(c)(2). The standard for making a "substantial showing" is whether "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (internal quotations omitted). The court declines to issue a certificate of appealability, because reasonable jurists could not debate that the petition does not warrant habeas relief under 28 U.S.C.§ 2241.

### IV. Conclusion

The court **DISMISSES** the petition for writ of *habeas corpus* under 28 U.S.C. §2241. Dkt. No. 1.

The court **ORDERS** that this case is **DISMISSED WITH PREJUDICE**. The clerk will enter judgment accordingly.

Dated in Milwaukee, Wisconsin this 24th day of October, 2022.

BY THE COURT:

**HON. PAMELA PEPPER**
**Chief United States District Judge**